**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Paul Felix Mason, III, | No. CV-18-08016-PCT-ESW |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

**TO THE HON. STEPHEN M. McNAMEE, SENIOR UNITED STATES DISTRICT JUDGE**:

Self-represented Plaintiff Paul Felix Mason III filed a Complaint (Doc. 1), seeking review of a Social Security Disability Decision.  Pursuant to 28 U.S.C. § 1915(e)(2), the Court screened Plaintiff's Complaint and found that the Plaintiff failed to satisfy the pleading requirements of the Federal Rules of Civil Procedure to state a cause of action (Doc. 10).  The Court found that Plaintiff failed to identify with specificity what errors the Administrative Law Judge (ALJ) made in Plaintiff's case, what specific doctors' reports by author and date were misunderstood by the ALJ, and in what way the ALJ misunderstood them.  The Court ordered that Plaintiff file a First Amended Complaint correcting the deficiencies noted no later than March 9, 2018 (*Id.*).  On March 26, 2018, the Plaintiff filed a letter which the Court will consider to be Plaintiff's First Amended Complaint.  However, even accepting Plaintiff's late filing and liberally construing Plaintiff's First Amended Complaint, the Plaintiff has failed to correct the deficiencies

noted by the Court in its screening order. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (stating the courts must "continue to construe pro se filings liberally.")

## I. DISCUSSION

The Court must dismiss an in forma pauperis complaint if it fails to state a claim. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *Franklin v. Murphy*, 745 F.2d 1221, 1226-27 (9th Cir. 1984). A complaint may be dismissed where it lacks a cognizable legal theory, lacks sufficient facts alleged under a cognizable legal theory, or contains allegations disclosing some absolute defense or bar to recovery. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n. 1 (9th Cir. 1997).

Here, Plaintiff fails to set forth sufficient facts to establish a cause of action. Plaintiff does not state what errors the ALJ made in Plaintiff's case, what specific doctors' reports by author and date were misunderstood by the ALJ, and in what way the ALJ misunderstood them. The Court granted Plaintiff the opportunity to correct these deficiencies, and the Plaintiff has failed to do so. *See Lopez*, 203 F.3d at 1127-29. The undersigned will recommend that the Court dismiss without prejudice Plaintiff's First Amended Complaint for failure to state a cause of action.

## II. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** striking Plaintiff's Complaint (Doc. 1).

**IT IS RECOMMENDED** that the Court dismiss Plaintiff's First Amended Complaint (Doc. 11) without prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this Report and Recommendation

within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated this 11th day of April, 2018.

_____
Eileen S. Willett
United States Magistrate Judge